UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALICIA MARTINEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>        Defendant. | No. CV 13-9308-PLA<br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on December 18, 2013, seeking review of the Commissioner's denial of her application for Disability Insurance Benefits. The parties filed Consents to proceed before the undersigned Magistrate Judge on December 24, 2013, and January 15, 2014. Pursuant to the Court's Order, the parties filed a Joint Stipulation on August 14, 2014, that addresses their positions concerning the disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## **BACKGROUND**

Plaintiff was born on July 22, 1965. [Administrative Record ("AR") at 110.] She has completed three years of college, and has past relevant work experience as a medical assistant. [AR at 137, 138.]

On August 5, 2010, plaintiff filed an application for Disability Insurance Benefits ("DIB"). [AR at 108-22.] In her application, plaintiff alleged disability beginning on October 1, 2009[1] due to a thoracic tumor on her spine. [AR at 72, 110, 137.] After her application was denied initially and upon reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [AR at 66-69, 72-76, 78.] A hearing was held on April 25, 2012, at which time plaintiff appeared with counsel and testified on her own behalf. [AR at 37-63.] A vocational expert ("VE") also testified. [AR at 57-62.] On May 25, 2012, the ALJ issued a decision concluding that plaintiff was not disabled. [AR at 20-26.] Plaintiff submitted additional evidence and requested review of the ALJ's decision on July 18, 2012. [AR at 13, 14-16.] The Appeals Council ("AC") rejected plaintiff's evidence and denied review on October 15, 2013. [AR at 1-6.] This action followed.

## III.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Berry v. Astrue, 622 F.3d 1228, 1231 (9th Cir. 2010).

"Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a

---

[1] Both prior to and at the hearing, plaintiff amended her claim to reflect a closed period of disability starting October 1, 2009, and ending November 17, 2010. [AR at 41, 123-25.] After the ALJ issued his decision, based on "new and material evidence," plaintiff requested to amend her claim again to reflect a continuing period of disability. [See AR at 14-16.]

conclusion." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1159 (9th Cir. 2008) (internal quotation marks and citation omitted); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (same). When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001); see Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) ("[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence.") (internal quotation marks and citation omitted). "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." Ryan, 528 F.3d at 1198 (internal quotation marks and citation omitted); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, [the reviewing court] may not substitute [its] judgment for that of the ALJ.").

## IV.

## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

**A.    THE FIVE-STEP EVALUATION PROCESS**

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the

claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., pt. 404, subpt. P, app. 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform her past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that she is unable to perform past relevant work. Drouin, 966 F.2d at 1257 (citation omitted). If the claimant meets this burden, a prima facie case of disability is established. Id. The Commissioner then bears the burden of establishing that the claimant is not disabled, because she can perform other substantial gainful work available in the national economy. Id. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; see also Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.   THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date of October 1, 2009.[2] [AR at 22.] At step two, the ALJ concluded that plaintiff had the following severe impairments: "a history of thoracic spine tumor, status post laminectomies with bilateral partial facetectomies and foraminotomies and excision of hemangioma . . .; cervical spine and thoracic spine degenerative disc disease; probable upper extremity osteoarthritis; and obesity."[3] [Id.] At step three, the ALJ determined that plaintiff's

---

[2]   The ALJ concluded that plaintiff meets the insured status requirements of the Social Security Act through December 31, 2014. [AR at 22.]

[3]   The ALJ found plaintiff's history of hypertension and hyperlipidemia did not qualify as
(continued...)

4

impairments did not meet or equal any of the impairments in the Listing.[4] [AR at 23.] The ALJ further found that plaintiff retained the residual functional capacity ("RFC")[5] to perform "sedentary work" as defined in 20 C.F.R. § 404.1567(a).[6] Specifically, the ALJ found that plaintiff can:

> [E]xert up to 10 pounds of force occasionally and/or exert a negligible amount of force frequently to move objects, including the human body. [Plaintiff] can stand and walk up to 2 hours out of an 8-hour workday with normal breaks, provided that standing and walking does not exceed more than 30 minutes at a time, and sit up to 6 hours in an 8-hour workday with normal breaks. [Plaintiff] can do work that does not require climbing ladders, ropes, or scaffolds, or crawling; no more than frequent kneeling; and stooping or crouching more than 50 percent of the workday. [Plaintiff] can occasionally push, pull, lift, and reach overhead with her right and/or left upper extremity, and can do work that does not require exposure to extreme vibration.

[AR at 23.] At step four, based on her RFC, the ALJ concluded that plaintiff is unable to perform her past relevant work. [AR at 25.] At step five, based on plaintiff's age, education, work experience, and RFC, the ALJ found that there are jobs existing in significant numbers in the national economy that plaintiff could perform, including work as an addresser, telephone quotation clerk, and food and beverage order clerk. [AR at 26.] Accordingly, the ALJ determined that plaintiff was not under a disability from October 1, 2009, through November 17, 2010, during the alleged closed period. [Id.]

---

[3](...continued) severe impairments, citing an absence of indicia that plaintiff suffered any "health exacerbations" as a result of her hypertension, and opining that her hyperlipidemia did not present a limitation on her day-to-day activities. [AR at 22-23.]

[4] See 20 C.F.R. pt. 404, subpt. P, app. 1.

[5] RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." Massachi v. Astrue, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

[6] 20 C.F.R. § 404.1567(a) ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.").

# V.

# **THE ALJ'S DECISION**

Plaintiff contends that the ALJ: (1) failed to provide legally sufficient reasons for rejecting her subjective symptom testimony; (2) improperly assessed the opinion of her treating physician, Dr. Ayman M. Salem; and (2) failed to consider new and material evidence submitted to the AC. [Joint Stipulation ("JS") at 3, 10, 14.] As discussed below, the Court agrees with plaintiff, in part, and remands for further proceedings.

**A.     NEW AND MATERIAL EVIDENCE SUBMITTED TO THE AC**

Plaintiff contends that the ALJ's decision is not supported by substantial evidence in light of the additional evidence she submitted to the AC when she requested reconsideration of the ALJ's decision. [JS at 14-16; AR at 175-77.] After the ALJ issued his May 25, 2012 decision, plaintiff submitted to the AC three MRIs conducted on June 1, 2012, along with accompanying reports reflecting upon plaintiff's pre-existing degenerative disc disease and further indicating that she had a new brain tumor. [AR at 14-16.] In its denial, the AC stated:

> We also looked at the [MRIs] of the brain, cervical spine and thoracic spine dated June 1, 2012. The [ALJ] decided your case through May 25, 2012. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before May 25, 2012.

[AR at 2]. Under agency regulations, the AC must consider additional evidence that is new, material, and relates to the period on or before the date of the ALJ's decision. See 20 C.F.R. § 404.970(b).[7] Where the AC was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider the decision in light of the additional evidence. Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1233 (9th Cir. 2011).

---

[7] 20 C.F.R. § 404.970(b) ("If new and material evidence is submitted, the [AC] shall consider the additional evidence only where it relates to the period on or before the date of the [ALJ] hearing decision. The [AC] shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the [ALJ] hearing decision. It will then review the case if it finds that the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record.") (emphasis added).

This Court must consider the record as a whole, including evidence rejected by the AC, in order to determine whether the ALJ's decision was supported by substantial evidence and was free of legal error. See Oliver v. Astrue, 2013 WL 211131, at *24 (N.D. Cal. Jan. 16, 2013) ("Here, the [AC] . . . rejected the evidence as "about a later time" in denying [plaintiff]'s request for review. Thus, the court may consider the evidence in determining whether the [ALJ]'s decision is supported by substantial evidence.") (citing Taylor, 659 F.3d at 1231-32; Harman v. Apfel, 211 F.3d 1172, 1180 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)) (internal citation omitted). As in Ramirez, defendant does not contend that this Court should not consider the 2012 MRIs. See Ramirez, 8 F.3d at 1451-52. To the contrary, defendant concedes the AC "perhaps erred" but contends that error is harmless because the 2012 MRIs are "now before the Court." [JS at 18.] For the reasons set forth below, the Court agrees with defendant that the AC did err, but the Court cannot find that error harmless because it raises questions about whether the ALJ's decision was supported by substantial evidence.

In its order denying review, the AC stated that plaintiff's additional evidence did not provide a basis for changing the ALJ's decision, specifically because it was "about a later time" than that addressed in the ALJ's decision. [AR at 2.] The AC's dismissal of the import of the additional evidence on the grounds that it was not temporally relevant indicates that it ultimately found the evidence did not qualify for consideration at all. However, the Commissioner's regulations require the AC to consider new material evidence in determining whether to review the ALJ's decision, so long as "the evidence relates to the period on or before the ALJ's decision." See Taylor, 659 F.3d at 1232-33 (remanding to ALJ where it was apparent from AC's denial of review that it had not considered plaintiff's additional evidence); see also Lamp v. Astrue, 531 F.3d 629, 632-33 (8th Cir. 2008) (remanding where it was not clear from the record whether the AC had considered plaintiff's additional evidence).

Here, the 2012 MRIs clearly relate to the time period considered by the ALJ because they report on the same conditions plaintiff claimed as the bases of her disability. To say that they were not related implies that somehow plaintiff suddenly developed degenerative disc disease and a new tumor within the six days between the ALJ's May 25, 2012, hearing decision, and the June

7

1, 2012, MRIs. Such a contention is unsupported by medical evidence and defies common sense. Moreover, the 2012 MRIs explicitly address issues examined during the hearing before the ALJ, namely whether or not plaintiff's conditions were improving. Thus, the 2012 MRIs related to the period on or before the hearing decision, and as such, should have been considered. See 20 C.F.R. § 404.970(b); supra n.7.

**B.     THE ALJ'S DECISION**

Where, as here, the AC denies review, the decision of the ALJ is the final decision of the Commissioner. Russell v. Brown, 856 F.2d 81, 83-84 (9th Cir. 1988). However, any additional evidence considered by the AC in denying the request for review becomes part of the administrative record for review by the district court. Brewes v. Astrue, 682 F.3d 1157, 1163 (9th Cir. 2012) (citing Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999)). New evidence is material if it bears "directly and substantially on the matter in dispute." Luna v. Astrue, 623 F.3d 1032, 1034 (9th Cir. 2010) (quoting Booz v. Sec'y of Health Human Svcs., 734 F.2d 1378, 1380 (9th Cir. 1984) (citation omitted)). Plaintiff is not required to show good cause (and defendant does not argue that she must). See Brewes, 682 F.3d at 1162; JS at 17-18. Remand is necessary where there is a "reasonable possibility" that the new evidence would have changed the outcome of the administrative hearing. Booz, 734 F.2d at 1380-81 (citation omitted). For the reasons set forth below, the Court finds that the ALJ's decision is not supported by substantial evidence in light of the evidence submitted to the AC, and that remand is required for proper consideration of the 2012 MRIs.

First, the 2012 MRIs are material because they directly undermine the ALJ's conclusion that plaintiff's "treatment records reflect consistent improvement without evidence of mass recurrence." [AR at 24.] While prior MRIs revealed plaintiff's C5-C6 disc protrusion was "not responsible for any significant canal stenosis," the new MRI of the cervical spine, conducted on June 1, 2012, just six days after the ALJ decision, revealed: "[m]oderate right C5-C6 neural foraminal stenosis. Distortion, compression, and impingement of the right C6 nerve root in the right C5-C6 neural foramen." [AR at 15, 218-19.] Similarly, the 2012 MRI of plaintiff's brain is material because it

8

reflects upon conditions the ALJ addressed during the April 25, 2012, hearing, wherein plaintiff testified regarding symptoms from an existing hemangioma, including headaches and potential bleeding in her brain. [See AR at 51-52.] Whereas previous MRIs of plaintiff's brain indicated she had a "right thalamic nucleas hemangioma" that had remained "stable," the MRI taken on June 1, 2012, demonstrated plaintiff had a new hemangioma in her insular cortex. [AR at 15, 176, 215-17.] Thus, the additional evidence bears directly on plaintiff's subjective symptom testimony. Second, the 2012 MRIs are material because they could affect the VE's assessment of plaintiff's functional limitations.[8] Third, the new MRIs may impact the significance that the ALJ accorded to plaintiff's October 22, 2010, and November 17, 2010, medical reports.[9] Finally, given these considerations, the 2012 MRIs raise a reasonable possibility that the outcome of the hearing would change. Thus, the ALJ's decision is not supported by substantial evidence, and remand is required.

## VI.
## REMAND FOR FURTHER PROCEEDINGS

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. See Harman, 211 F.3d at 1179; Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). In this case, remand is appropriate for the ALJ to review his

---

[8] For example, the VE testified that plaintiff would not be able to perform her past relevant work if she needed to rest frequently. [See AR at 59.]

[9] On October 22, 2010, plaintiff presented with pain at a level of 9/10. [AR at 347.] On November 17, 2010, plaintiff was treated for "almost constant, aching pain radiating to both hands." [AR at 268-71.] Tenderness over the bilateral para-cervical masculature, para spinal muscles and spasm of the upper paralumbar muscles were also present. [AR at 269.] The ALJ considered the November 17, 2010, examination but discounted plaintiff's complaints of "neck, back, and upper extremities pain." [See AR at 24.]

1 five-step determination in light of the new evidence.[10]  The ALJ is instructed to take whatever
2 further action is deemed appropriate and consistent with this decision.
3       Accordingly, **IT IS HEREBY ORDERED** that:  (1) plaintiff's request for remand is **granted**;
4 (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant
5 for further proceedings consistent with this Memorandum Opinion.
6       **This Memorandum Opinion and Order is not intended for publication, nor is it**
7 **intended to be included in or submitted to any online service such as Westlaw or Lexis.**

9 DATED: September 19, 2014      /s/ Paul L. Abrams
10           PAUL L. ABRAMS
          UNITED STATES MAGISTRATE JUDGE

---

[10] The Court rejects plaintiff's argument that "temporary total disability" means "total disability" in this case.  [See JS at 10.]  There is no support for the contention that this opinion rendered by plaintiff's treating physician established a continuous 12-month period.  The Court further directs that the issue of whether plaintiff is proceeding as to an open or closed period of disability should be resolved on remand.